## HARLEY v. WEATHERSBEE.

A tenant indebted to his landlord for rent cannot claim a chattel exemption against a distress warrant duly issued by the landlord to enforce the payment of such rent—a distress warrant not being an attachment, nor a mesne or final process issued from any court.

Before WALLACE, J., Barnwell, November, 1883.

This was an action of claim and delivery by Philippa H. Harley against A. J. Weathersbee and W. E. McMichael, to recover a piano, or its value and damages, the piano having been seized on plaintiff's premises by McMichael, under a distress warrant issued to him by Weathersbee requiring a distress for rent in arrears due by Mrs. Harley.

*Mr. H. M. Thompson,* for appellant.

*Mr. J. J. Brown,* contra, cited *Const.,* art. II., § 32; *Gen. Stat.,* §§ 1999, 2000; 4 *McCord,* 378; 18 *S. C.,* 454.

April 26, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The question involved in this appeal is whether a tenant, indebted to his landlord for unpaid rent, can claim a homestead exemption in personal property against a distress warrant issued by the landlord to enforce the payment of said rent. It is admitted that the plaintiff, though a married woman, was the tenant of the defendant, and at the time of the taking under the distress warrant was indebted to defendant to the amount of $76 for rent in arrears for the preceding six months. These facts distinguish this case from the case of *Wallace* v. *Johnson,* 18 *S. C.,* 454, and therefore the principle applied there can have no application here. The Circuit judge held that the plaintiff was entitled to the exemption, and the appeal brings up the single question stated above.

The constitutional provision in reference to homesteads, and the acts which have been passed in accordance therewith, embrace the law under which the right of homestead exists, and by which a claim for homestead is to be determined. As has been fre-

quently announced heretofore, no new estate is created by these enactments in the debtor.   On the contrary, his title and interest in the property exempted remains precisely as before the exemption, and the effect of the enactments is simply to exempt the property from certain modes of enforced sale by creditors, *i. e.*, from attachment or sale on any mesne or final process issued from any court.   This being the only effect of the homestead law, before a debtor can successfully invoke the benefit of this law he must show that his property is endangered by an attachment or threatened by levy and sale on some mesne or final process issued from a court.

In the case before the court it is not claimed that the property of the plaintiff was threatened with levy and sale by any mesne or final process of a court; it is therefore clear that the plaintiff cannot have the benefit of that exemption.   Can the term "attachment" afford the protection?   The exact language of the constitution on the subject of homestead is as follows: "The General Assembly shall enact such laws as will exempt from attachment and sale under any mesne or final process issued from any court," &c., &c.   Art. II., § 32.   It will be observed that this is an entire sentence, and that both attachment and sale is subject to the limitation of the process being issued by a court. This view is strengthened by the fact that at the time of the adoption of the constitutional provisions referred to the right of a landlord to enforce payment for rent in arrears by a distress warrant existed.   This distress warrant, as was known too, was not a process, mesne or final, issued from a court, but it is a proceeding which the landlord issues by his own act and upon his own responsibility.

We must conclude, therefore, that while a distress warrant for rent does not fall under the inhibition of the constitution in terms, it must have been omitted intentionally, the omission being founded on a reason analogous to that on account of which the purchase money of a tract of land may be enforced against the land purchased, notwithstanding the homestead exemption as to other debts.   But whatever may have been the reason, it is apparent that there is nothing in the terms of the constitution or in the acts on this subject which inhibits a landlord from enforcing

his claim for rent by the summary proceeding allowed him by the act on that subject. That act has not been repealed, but is now of force, and the defendant should not be deprived of his rights thereunder.

It is the judgment of this court that the judgment of the Circuit Court be reversed.